**Blackburn v. Blackburn**

*John W. Nilon, Jr.,* for plaintiff.
*I. B. Sinclair,* for defendant.

BLOOM, *J.,* July 22, 1975—The matter presently before this court arises from plaintiff's exceptions to a decree nisi entered by this court on March 11, 1975. The decree nisi and the opinion written in support thereof held that plaintiff was not the common-law wife of defendant and, therefore, defendant was not obligated to support plaintiff. The said decree nisi issued after a hearing on the merits of the case on September 19, 1974. Subsequent to said hearing, respective counsel were granted leave to prepare and submit proposed findings of fact and briefs in support of their respective decisions. Argument and additional briefs were submitted to this court with respect to plaintiff's exceptions to the decree nisi. This opinion is written in disposition of said exceptions.

Plaintiff's exceptions are many, but, plaintiff reviews the evidence in a manner most favorable to plaintiff, ignoring those elements which are unfavorable to plaintiff. This court does not agree with plaintiff's interpretation of the evidence.

Plaintiff contends that she is the common-law wife of defendant. Both parties had been previously married but plaintiff failed to produce a divorce decree dissolving her previous marriage. Prior to the alleged common-law marriage, the parties hereto engaged in sexual intercourse "less than ten times" even though plaintiff knew that defendant was married. In addition, at the time of the alleged common-law marriage, plaintiff did not know whether defendant had divorced his wife. Upon

these facts, this court concluded that plaintiff had not *clearly proven* that a prior illicit relationship had terminated and evolved into a legal marriage: Sinclair v. Sinclair, 197 Pa. Superior Ct. 59, 176 A. 2d 123 (1961); Stevenson's Estate, 272 Pa. 291, 116 Atl. 162 (1922).

Plaintiff's evidence then proceeded to attempt the establishment of a common-law marriage on July 16, 1972, by virtue of the following alleged dialogue:

Defendant to plaintiff: "You are my wife and no other S.O.B. is going to have you."

Plaintiff to defendant: "Okay Elmo, I know."

Plaintiff testified that the above dialogue was uttered in the presence of plaintiff's sister and plaintiff's brother-in-law, both of whom were present at the hearing but neither of whom testified. Plaintiff also stated that her brother-in-law then spoke with defendant and said, "You couldn't have gotten a better wife than Margie," to which defendant allegedly responded, "I know that, John." This statement was totally uncorroborated although the brother-in-law was present at the hearing.

Plaintiff contends that the above dialogue between the parties established a relationship of husband and wife between said parties. This court disagrees, because the words used do not clearly manifest that each of the parties intended to become the spouse of the other. The record is totally devoid of any utterance made by plaintiff wherein she expressed an intention to take defendant as her husband. See Sinclair v. Sinclair, supra; Blecher Estate, 381 Pa. 138, 112 A. 2d 129 (1955). This court reaffirms its prior adjudication that the dialogue set forth above is not sufficient to establish a common-law marriage.

Plaintiff next urges this court to find a common-law marriage by virtue of the contention that the parties hereto were reputed to be husband and wife and that they cohabited with each other. In our prior opinion, we set forth the following principle of law:

"Cohabitation and reputation that the parties are married do not constitute a legal marriage—not even a common law marriage—but they are evidence from which a marriage may be found, if the circumstances are sufficiently strong and convincing to satisfy the trier of fact. Roger v. Johnstown Traction Company, 184 Pa. Super. 474, 134 A. 2d 918 (1957)."

We reviewed plaintiff's testimony and concluded that plaintiff did not consider herself married to defendant. This conclusion is based upon the following facts: plaintiff maintained a house in New Jersey where she stayed without defendant during the time of the alleged marriage to defendant; plaintiff actively operated a beauty shop business in New Jersey and advertised same under her own name; subsequent to the alleged marriage, plaintiff sold real estate in New Jersey without the joinder of defendant in said sale; plaintiff filed 1971 and 1973 income tax returns as a single woman and under her prior name; plaintiff is presently known in New Jersey under her prior name.

All of the above facts substantially detract from plaintiff's position that she was held out to be the wife of defendant. As a result, we do not find sufficient evidence of cohabitation and reputation from which a marriage could be inferred or proven.

All of plaintiff's exceptions have been reviewed and by this opinion and the decree nisi previously

entered, all of said exceptions have been considered and discussed.

Therefore, we enter the following

### FINAL DECREE

And now, July 22, 1975, after consideration of argument and briefs submitted by respective counsel before this court en banc, it is hereby ordered and decreed that:

(1) Plaintiff's exceptions to the decree nisi entered by this court on March 11, 1975, be and the same are hereby dismissed;

(2) The said decree nisi is hereby made a final decree.